UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| LANDESBANK BADEN-WÜRTTEMBERG; SPENCERVIEW ASSET MANAGEMENT LIMITED; and CALEDONIAN TRUST (CAYMAN) LIMITED (ON BEHALF AND FOR THE BENEFIT OF THE LEVERAGED ACCRUAL ASSET MANAGEMENT SUB-TRUST, THE LEVERAGED ACCRUAL ASSET MANAGEMENT SUB-TRUST II, AND THE LEVERAGED ACCRUAL ASSET MANAGEMENT SUBTRUST XI, EACH A SUB-TRUST OF THE PANACEA TRUST), | No. 12 Civ. 5907 (MGC) |

Plaintiffs,

- against -

CAPITAL ONE FINANCIAL CORPORATION; CAPITAL ONE, NATIONAL ASSOCIATION (SUCCESSOR-IN-INTEREST TO CHEVY CHASE BANK, F.S.B.); CHEVY CHASE FUNDING LLC; and CREDIT SUISSE SECURITIES (USA), LLC,

Defendants.

---

LANDESBANK BADEN-WÜRTTEMBERG,                    No. 12 Civ. 5909 (UA)

Plaintiff,

- against -

CAPITAL ONE FINANCIAL CORPORATION, CAPITAL ONE, NATIONAL ASSOCIATION (SUCCESSOR-IN-INTEREST TO CHEVY CHASE BANK, F.S.B.), CHEVY CHASE FUNDING LLC and CREDIT SUISSE SECURITIES (USA) LLC,

Defendants.

| | |
|---|---|
| LANDESBANK BADEN-WÜRTTEMBERG, SPENCERVIEW ASSET MANAGEMENT LIMITED and CALEDONIAN TRUST (CAYMAN) LIMITED, ACTING IN ITS CAPACITY AS TRUSTEE OF THE LEVERAGED ACCRUAL ASSET MANAGEMENT SUB-TRUST, A SUB-TRUST OF THE PANACEA TRUST, AND THE LEVERAGED ACCRUAL ASSET MANAGEMENT II SUB-TRUST, A SUB-TRUST OF THE PANACEA TRUST,<br><br>                    Plaintiffs,<br><br>            - against -<br><br>BARCLAYS BANK PLC, BARCLAYS CAPITAL INC., CAPITAL ONE FINANCIAL CORPORATION, CAPITAL ONE, NATIONAL ASSOCIATION (SUCCESSOR-IN-INTEREST TO CHEVY CHASE BANK, F.S.B.) and CHEVY CHASE FUNDING LLC,<br><br>                    Defendants. | No. 12 Civ. 5911 (UA) |

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REMAND TO THE SUPREME COURT OF THE STATE OF NEW YORK, NEW YORK COUNTY

Joel H. Bernstein
Martis Alex
David J. Goldsmith
LABATON SUCHAROW LLP
140 Broadway
New York, New York  10005
(212) 907-0700
(212) 818-0477 (fax)

*Attorneys for Plaintiffs*

## **TABLE OF CONTENTS**

Table of Authorities ................................................................................................ ii

Preliminary Statement ..........................................................................................1

Factual Background ...............................................................................................1

Procedural Background..........................................................................................3

ARGUMENT ..........................................................................................................4

I.    DEFENDANTS BEAR THE BURDEN TO
      SHOW FEDERAL JURISDICTION, AND REMOVAL
      STATUTES ARE NARROWLY CONSTRUED .........................................4

II.   THIS COURT LACKS SUBJECT-MATTER
      JURISDICTION UNDER THE EDGE ACT ...............................................5

Conclusion .............................................................................................................10

## TABLE OF AUTHORITIES

### CASES

*Allstate Insurance Co. v. CitiMortgage, Inc.*,
   No. 11 Civ. 1927 (RJS), 2012 WL 967582
   (S.D.N.Y. Mar. 13, 2012) .................................................................................. *passim*

*Bank of America Corp. v. Lemgruber*,
   385 F. Supp. 2d 200 (S.D.N.Y. 2005)..................................................................9

*Bank of New York v. Bank of America*,
   861 F. Supp. 225 (S.D.N.Y. 1994) ...................................................................6, 9

*Bayerische Landesbank, New York Branch
   v. Bear Stearns & Co.*,
   No. 12 Civ. 2804 (LAK) (S.D.N.Y.) ....................................................................7

*Creaciones Con Idea, S.A. de C.V. v. Mashreqbank PSC*,
   232 F.3d 79 (2d Cir. 2000)....................................................................................6

*Jana Master Fund, Ltd. v. JP Morgan Chase & Co.*,
   490 F. Supp. 2d 325 (S.D.N.Y. 2007)...................................................................5

*Lazard Freres & Co. v. First National Bank of Maryland*,
   No. 91 Civ. 0628 (KMW), 1991 WL 221087
   (S.D.N.Y. Oct. 15, 1991) .......................................................................................6

*In re Methyl Tertiary Butyl Ether Products Liability Litigation*,
   488 F.3d 112 (2d Cir. 2007).................................................................................5

*Montefiore Medical Center v. Teamsters Local 272*,
   642 F.3d 321 (2d Cir. 2011)..................................................................................4

*Racepoint Partners, LLC v. JPMorgan Chase Bank*,
   No. 06 Civ. 2500 (MGC), 2006 WL 3044416
   (S.D.N.Y. Oct. 26, 2006) ......................................................................................8

*Société d'Assurance de l'Est SPRL v. Citigroup Inc.*,
   No. 10 Civ. 4754 (JGK), 2011 WL 4056306
   (S.D.N.Y. Sept. 13, 2011)............................................................................. 6, 7-8

*Weiss v. Hager*,
   No. 11 Civ. 2740 (VB), 2011 WL 6425542
   (S.D.N.Y. Dec. 19, 2011)..................................................................................4, 9

## S<span></span>TATUTES

12 U.S.C. § 632.................................................................................................1, 5, 6, 8

28 U.S.C. § 1441(a)....................................................................................................4

28 U.S.C. § 1447(c).................................................................................................1, 5

New York C.P.L.R. 305(b).........................................................................................3

**Preliminary Statement**

Plaintiffs Landesbank Baden-Württemberg, Spencerview Asset Management Limited, and Caledonian Trust (Cayman) Limited, Acting in its Capacity as Trustee of the Leveraged Accrual Asset Management Sub-Trust, a Sub-Trust of the Panacea Trust, the Leveraged Accrual Asset Management II Sub-Trust, a Sub-Trust of the Panacea Trust, and the Leveraged Accrual Asset Management XI Sub-Trust, a Sub-Trust of the Pivot Master Trust (collectively, "Plaintiffs"), respectfully submit this memorandum of law in support of their motion, pursuant to 28 U.S.C. § 1447(c), to remand the above-titled related actions (the "Actions") to the Supreme Court of the State of New York, New York County for lack of subject-matter jurisdiction.

Plaintiffs filed these Actions in New York Supreme Court for damages and other relief arising from Plaintiffs' investments in residential mortgage-backed securities ("RMBS" or "Certificates") that Defendants securitized and sold. The Certificates are domestic securities, issued, underwritten and sold by U.S. entities and which relate to underlying pools of U.S. mortgage loans. Defendants' sole asserted basis for federal jurisdiction is the Edge Act, 12 U.S.C. § 632, and the sole asserted basis for Edge Act jurisdiction is that Plaintiffs are foreign entities. Because the basis for Plaintiffs' claims does not involve foreign banking or financial operations, Plaintiffs' non-U.S. status is attenuated from the securitizations and alleged wrongdoing, and the federally chartered bank that is a party here is named solely in its capacity as a successor-in-interest and had no direct involvement in the securitizations, the Edge Act does not apply. The Actions accordingly should be remanded.

**Factual Background**

The Actions arise out of Defendants' alleged fraud and other misconduct in connection with the offer and sale of the Certificates to Plaintiffs. In reliance upon Defendants' alleged

material misrepresentations and omissions, Plaintiffs purchased more than $324 million in Certificates in connection with various securitizations sponsored, arranged, marketed, and/or sold to Plaintiffs by Defendants and entities they controlled (the "Offerings").  Plaintiffs have suffered significant losses on their investments as a result.

Defendant Chevy Chase Bank, F.S.B. ("Chevy Chase Bank"), the sponsor in all of the Offerings, purchased the mortgage loans from the loan originators and then sold them to the depositor, purportedly to be deposited in the trusts that were formed in the securitizations. Chevy Chase Bank, having been acquired by Defendant Capital One Financial Corporation in February 2009 and merged with Defendant Capital One, National Association ("Capital One"), no longer exists as an independent bank and is not itself a party here.

Defendant Chevy Chase Funding LLC ("Chevy Chase Funding") served as the depositor in the Offerings.  As depositor, Chevy Chase Funding was responsible for purchasing the underlying mortgage loans and purportedly transferring, selling or conveying them to the trusts that issued the Certificates.  Chevy Chase Funding, together with Chevy Chase Bank, were the issuers of the Certificates and were responsible for the statements in the offering materials (the "Offering Materials") and the due diligence of the underlying loans that purportedly backed the Certificates.  Both Chevy Chase Bank and Chevy Chase Funding are U.S. entities.

Capital One, a national bank formed under the laws of the United States, is liable as successor-in-interest to Chevy Chase Bank, which merged with Capital One after it was acquired by Capital One Financial Corporation.  Capital One Financial Corporation is liable as the controlling parent corporation of Capital One.

Defendants Credit Suisse Securities (USA) LLC ("Credit Suisse USA") and Barclays Capital Inc. ("Barclays Capital") served as underwriters in the securitizations and managed the

Offerings to investors, and in that capacity each sold certain of the Certificates to Plaintiffs. Plaintiffs purchased certain of the Certificates from Barclays Capital, and others from Credit Suisse USA.  Defendant Barclays Bank PLC ("Barclays Bank"), as the parent corporation of Barclays Capital, exercised dominion and control over Barclays Capital and directed Barclays Capital in its role as the investment banking division of Barclays Bank.  Credit Suisse USA and Barclays Capital are U.S. entities.

The Offering Materials allegedly misrepresented, among other things, that the Certificates would be backed by residential mortgage loans, *i.e.*, that they were "residential mortgage-backed securities," and that the loans and mortgages underlying the Offerings were being transferred to the RMBS trusts upon closing.  These misrepresentations were not only material, but central to Plaintiffs' decisions to invest in the Offerings.  Had Plaintiffs known that the notes and mortgages were not properly transferred to the trusts, Plaintiffs would not have purchased the Certificates.

## **Procedural Background**

These Actions, Docket Nos. 12 Civ. 5907, 5909, and 5911, were originally commenced in March, June and August 2012 by Plaintiffs' filing of Summonses with Notice pursuant to New York C.P.L.R. 305(b) in New York Supreme Court, assigned Index Nos. 650713/2012, 652029/2012, and 651908/2012.  Plaintiffs amended the Summons with Notice in No. 651908/2012 before serving all the Summonses in all three actions upon Defendants on July 5, 2012.  All of the Summonses give notice of claims for common-law fraud, fraudulent inducement, negligent misrepresentation, aiding and abetting fraud, declaratory judgment, and contract claims, including rescission, restitution and mutual mistake, solely under state law.

On August 2, 2012, Capital One Financial Corporation, Capital One, and Chevy Chase Funding (collectively, the "Removing Defendants") filed Notices of Removal in this Court for each of the three Actions.  The Notices of Removal are substantively identical and assert the Edge Act as the sole basis for federal jurisdiction.[1]  Defendants Credit Suisse USA, Barclays Capital and Barclays Bank have consented to the removals.[2]

In the Notices of Removal in No. 12 Civ. 5909 and 12 Civ. 5911, the Removing Defendants request that those two Actions be marked as related to No. 12 Civ. 5907 and assigned to this Court.  Plaintiffs agree that the three Actions are related, and take the position that the Actions ultimately should be consolidated for all purposes.

## ARGUMENT

**I.     DEFENDANTS BEAR THE BURDEN TO SHOW
        FEDERAL JURISDICTION, AND REMOVAL
        STATUTES ARE NARROWLY CONSTRUED**

A case brought in state court may be removed to federal court only if the action is one of "which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a). If removal is challenged, the removing party "bears the burden of showing that federal jurisdiction is proper."  *Montefiore Med. Ctr. v. Teamsters Local 272*, 642 F.3d 321, 327 (2d Cir. 2011); *see also Weiss v. Hager*, No. 11 Civ. 2740 (VB), 2011 WL 6425542, at *2 (S.D.N.Y. Dec. 19, 2011) (granting motion to remand for lack of jurisdiction under Edge Act).

Further, on a motion to remand, the Court "must construe all disputed questions of fact and controlling substantive law in favor of the plaintiff," and, "out of respect for the limited

---

[1] *See* Notice of Removal in No. 12 Civ. 5907, ECF No. 1, ¶¶ 9-13; Notice of Removal in No. 12 Civ. 5909, ECF No. 1, ¶¶ 9-13; Notice of Removal in No. 12 Civ. 5911, ECF No. 1, ¶¶ 8-12.

[2] *See* Notice of Removal in No. 12 Civ. 5907, ECF No. 1, ¶ 17; Notice of Removal in No. 12 Civ. 5909, ECF No. 1, ¶ 17; Notice of Removal in No. 12 Civ. 5911, ECF No. 1, ¶ 16.

jurisdiction of the federal courts and the rights of states[,] must resolve any doubts against removability." *Allstate Ins. Co. v. CitiMortgage, Inc.*, No. 11 Civ. 1927 (RJS), 2012 WL 967582, at *2 (S.D.N.Y. Mar. 13, 2012) (granting motion to remand for lack of jurisdiction under Edge Act) (citations omitted); *see also In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007).  If the Court determines that there is no subject matter jurisdiction, the action must be remanded.  28 U.S.C. § 1447(c).

## II.     THIS COURT LACKS SUBJECT-MATTER JURISDICTION UNDER THE EDGE ACT

The Edge Act states that:

> Notwithstanding any other provision of law, all suits of a civil nature at common law or in equity to which ***any corporation organized under the laws of the United States shall be a party, arising out of transactions involving international or foreign banking***, or banking in a dependency or insular possession of the United States, ***or out of other international or foreign financial operations***, either directly or through the agency, ownership, or control of branches or local institutions in dependencies or insular possessions of the United States or in foreign countries, shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of all such suits.

12 U.S.C. § 632 (emphases added).  Accordingly, Defendants may seek to remove these Actions under the Edge Act if (1) the case is civil in nature, (2) one of the parties is a corporation organized under the laws of the United States (*i.e.*, a national bank), and (3) the suit arises out of transactions involving international banking or international financial operations (including territorial banking).  *Jana Master Fund, Ltd. v. JP Morgan Chase & Co.*, 490 F. Supp. 2d 325, 328 (S.D.N.Y. 2007).

Like all removal statutes, the Edge Act must be narrowly construed.  *See, e.g., Allstate Ins.*, 2012 WL 967582, at *2.  Courts have held that the Edge Act does not apply "merely

because there was a federally chartered bank involved, there were banking-related activities, and there were foreign parties." *Lazard Freres & Co. v. First Nat'l Bank of Md.*, No. 91 Civ. 0628 (KMW), 1991 WL 221087, at *2 (S.D.N.Y. Oct. 15, 1991). Rather, this Court "must carefully examine the nature of the transaction said to ground [Edge Act] jurisdiction." *Bank of N.Y. v. Bank of Am.*, 861 F. Supp. 225, 232 (S.D.N.Y. 1994) (citing *Corporacion Venezolana de Fomento v. Vintero Sales Corp.*, 629 F.2d 786 (2d Cir. 1980)). In order for the Edge Act to confer jurisdiction, "a court must be satisfied that a plaintiff's claims 'really involve[ ] a ***banking arrangement*** between a federally chartered bank and a foreign party.'" *Société d'Assurance de l'Est SPRL v. Citigroup Inc.*, No. 10 Civ. 4754 (JGK), 2011 WL 4056306, at *4 (S.D.N.Y. Sept. 13, 2011) (quoting *Lazard Freres*, 1991 WL 221087, at *2) (emphasis added). An indirect connection between the foreign banking and the claims themselves will not suffice to confer jurisdiction. *See Lazard Freres*, 1991 WL 221087, at *2.

The Notices of Removal assert that the Actions arise out of international or foreign financial operations because (and only because) the "Plaintiffs are all foreign entities" that "purchased securities from [Chevy Chase Bank, F.S.B.], a United States corporation."[3] Although Chevy Chase Bank was organized under the laws of the United States, the Edge Act provides that the "corporation organized under the laws of the United States shall be a ***party***" to the case. 12 U.S.C. § 632 (emphasis added); *see also Creaciones Con Idea, S.A. de C.V. v. Mashreqbank PSC*, 232 F.3d 79, 82 (2d Cir. 2000) (Edge Act is "clear in limiting its reach to cases in which a federally chartered corporation is a 'party.'"). The relevant party is Capital One, a national banking association, that is being sued only in its capacity as successor-in-interest to Chevy Chase Bank. Capital One itself was not directly involved in any of the

---

[3] Notice of Removal in No. 12 Civ. 5907, ECF No. 1, ¶ 13; Notice of Removal in No. 12 Civ. 5909, ECF No. 1, ¶ 13; Notice of Removal in No. 12 Civ. 5911, ECF No. 1, ¶ 12.

securitizations or transactions with Plaintiffs that are at issue here.  *See Allstate Ins.*, 2012 WL 967582, at *3 (finding Edge Act does not apply where only national bank in a case involving RMBS was not a party to the particular transactions that included territorial mortgages).

Judge Kaplan's recent decision in *Bayerische Landesbank, New York Branch v. Bear Stearns & Co.*, No. 12 Civ. 2804 (LAK) (S.D.N.Y.) ("*Bayern*"), an RMBS case like these Actions, emphasizes the necessity of a direct connection between the national bank party and the foreign transaction.  In its complaint originally filed in New York Supreme Court, the *Bayern* plaintiff alleges that it purchased RMBS in a number of offerings from defendants, that acted as either depositors, sponsors, and underwriters, or were successors to an entity that acted in one of those roles.  *See Bayern* Notice of Removal, Exhibit A to the accompanying supporting Declaration of David J. Goldsmith ("Goldsmith Decl.") at Ex. 2 ¶¶ 16-31 (*Bayern* Amended Complaint, appended to Notice of Removal).  The *Bayern* Amended Complaint alleges fraud and other state-law claims in connection with misrepresentations about the characteristics and risk profile of the RMBS certificates purchased by plaintiffs.  *Id*. at Ex. 2 ¶¶ 308-395.  Defendants removed the action on the grounds that the Court had "related to" bankruptcy jurisdiction or, alternatively, jurisdiction under the Edge Act.  *Id*. at 2.  The *Bayern* plaintiff named JPMorgan Chase Bank, N.A. as a defendant for the conduct of other parties, either as a parent company or successor-in-interest.  *See* July 16, 2012 Hearing Transcript, Goldsmith Decl. Ex. B, at 19:21-25.

The *Bayern* plaintiff moved to remand and challenged Edge Act jurisdiction, arguing that none of the claims involved foreign or international banking.  Judge Kaplan found that the Edge Act did not apply because the national bank defendant (JPMorgan Chase Bank, N.A.) "was not a party to any of the international banking transactions" and "played no role" in such transactions. *Id.* at 20:12-18.  In so ruling, Judge Kaplan relied on *Société d'Assurance* and *Allstate Insurance*

which, as noted above, hold that the Edge Act does not apply where the federally charted bank is not itself involved in the international banking or financial operations at issue. *Id.; see Société d'Assurance*, 2011 WL 4056306, at *4; *Allstate Ins.*, 2012 WL 967582, at *3.

Even if this Court considers Chevy Chase Bank's underlying role as issuer in assessing whether the Edge Act applies, these Actions do not satisfy the Act's requirement that the action arise "out of transactions involving international or foreign banking . . . or out of other international or foreign financial operations." 12 U.S.C. § 632. The transactions here are not sufficiently tied to any international banking or international financial operations. At their core, these Actions involve fraud and other alleged misconduct with respect to the creation of RMBS trusts in the United States based on underlying loan pools comprised entirely of U.S. mortgages,[4] and the underwriting and sale of the resulting Certificates by counterparties (Barclays and Credit Suisse) located in the United States. *See Racepoint Partners, LLC v. JPMorgan Chase Bank*, No. 06 Civ. 2500 (MGC), 2006 WL 3044416, at *3 (S.D.N.Y. Oct. 26, 2006) (finding Edge Act did not confer jurisdiction over action where notes were issued in U.S. dollars and "Plaintiffs [did] not allege any foreign or international involvement" in the note issuance) (Cedarbaum, J.). These Actions concern Defendants' creation of the securities and the material misrepresentations made in connection with the issuance and marketing of the Certificates, all of which took place in the United States. That the Plaintiffs here are foreign investors as opposed to other, domestic,

---

[4] *See* Chevy Chase Funding LLC, Mortgage-Backed Certificates, Series 2006-1 Trust Private Placement Memorandum dated Mar. 15, 2006, Goldsmith Decl. Ex. C, at 30 (showing that geographic distribution of underlying loan pool only consists of mortgages from U.S. states); Chevy Chase Funding LLC, Mortgage-Backed Certificates, Series 2006-2 Trust Private Placement Memorandum dated June 12, 2006, Goldsmith Decl. Ex. D, at 31 (same); Chevy Chase Funding LLC, Mortgage-Backed Certificates, Series 2006-3 Trust Private Placement Memorandum dated Sept. 8, 2006, Goldsmith Decl. Ex. E, at 31 (same); Chevy Chase Funding LLC, Mortgage-Backed Certificates, Series 2007-1 Trust Private Placement Memorandum dated Mar. 13, 2007, Goldsmith Decl. Ex. F, at 33 (same); Chevy Chase Funding LLC, Mortgage-Backed Certificates, Series 2007-2 Trust Private Placement Memorandum dated June 19, 2007, Goldsmith Decl. Ex. G, at 33 (same).

entities that were solicited to invest in the same securities is, at best, an "indirect connection between the claim giving rise to the suit and international banking." *Weiss*, 2011 WL 6425542, at *4. Such a tenuous relation between the Actions and foreign banking is insufficient to confer Edge Act jurisdiction and would make "federal jurisdiction turn on chance rather than substance." *Bank of N.Y.*, 861 F. Supp. at 233 (interpreting Edge Act to "mean that the banking aspect of the jurisdictional transaction must be legally significant to the case" and that "the opposite interpretation—that a banking transaction need only appear somewhere in the chain of causation—makes federal jurisdiction turn on chance rather than substance").

The Removing Defendants' reliance in their Notices of Removal upon *Bank of America Corp. v. Lemgruber*, 385 F. Supp. 2d 200, 214 (S.D.N.Y. 2005), is unavailing. There, the plaintiffs, including three U.S. federally chartered banks, brought suit against a Brazilian bank ("BL Bank") and its affiliates in connection with plaintiffs' three-phase acquisition of BL Bank. Plaintiffs asserted fraud and other claims based on defendants' alleged misrepresentations in connection with their purchase of BL Bank and embezzlement by the defendants. The court held that there was Edge Act jurisdiction on the basis that the federally chartered plaintiffs significantly contributed to the acquisition of BL Bank, and the alleged fraud was "accomplished in part through overdrafts and inter-bank wire transfers of BL Bank funds into the United States, fraudulent loans and purchases of bogus certificates of deposit, all of which are clearly foreign or international banking transactions." *Id.* at 210-11, 215.

Here, in contrast, Capital One had no direct involvement in the Offerings. Further, Chevy Chase formed U.S. RMBS trusts and securitized the loans, but did not directly sell the Certificates to Plaintiffs—that was the role of Barclays and Credit Suisse. Because Capital One

is not liable "on any claims arising from international banking," the Edge Act does not apply.

*Allstate Ins.*, 2012 WL 967582, at *3.

## Conclusion

For the foregoing reasons, Plaintiffs respectfully request that this Court enter an Order

remanding these Actions to the Supreme Court of the State of New York, New York County.

Dated:   New York, New York           Respectfully submitted,
         September 4, 2012
                                       LABATON SUCHAROW LLP

                              By:      /s/ David J. Goldsmith
                                       Joel H. Bernstein
                                       jbernstein@labaton.com
                                       Martis Alex
                                       malex@labaton.com
                                       David J. Goldsmith
                                       dgoldsmith@labaton.com
                                       140 Broadway
                                       New York, New York  10005
                                       (212) 907-0700
                                       (212) 818-0477 (fax)

                                       *Attorneys for Plaintiffs Landesbank*
                                       *Baden-Württemberg, Spencerview Asset*
                                       *Management Limited and Caledonian Trust*
                                       *(Cayman) Limited, Acting in its Capacity*
                                       *as Trustee of the Leveraged Accrual Asset*
                                       *Management Sub-Trust, a Sub-Trust of the*
                                       *Panacea Trust, the Leveraged Accrual Asset*
                                       *Management II Sub-Trust, a Sub-Trust*
                                       *of the Panacea Trust, and the Leveraged*
                                       *Accrual Asset Management XI Sub-Trust,*
                                       *a Sub-Trust of the Pivot Master Trust*